1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  EDDIE D. KNIGHT,                    No. CIV S-07-0751-FCD-CMK-P
12              Plaintiff,
13        vs.                          <u>ORDER</u>
14  D.L. RUNNELS, et al.,
15              Defendants.
16  _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).
19          The court is required to screen complaints brought by prisoners seeking relief
20  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §
21  1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
26  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

2   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

3   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

4   must allege with at least some degree of particularity overt acts by specific defendants which

5   support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

6   is impossible for the court to conduct the screening required by law when the allegations are

7   vague and conclusory.

8

9                                    **I.  BACKGROUND**

10          Plaintiff names the following as defendants:  Runnels, Knowles, Lea, Holliday,

11  and Ofiedahl.  Plaintiff summarizes his claims as follows:

12              The [defendants] violated state law and federal constitutional guarantees
              when with a deliberate indifference caused my injuries to accure [sic].
13              With neglect and negligence they failed to protect and . . . acted with
              medical malpractice by placing erroneous information in my
14              chronological file to wit an R-suffix that is error.  This was done by
              captain Lea at Folsom State Prison knowing if they put me in general
15              population the inmates would stab me.

16  It thus appears that plaintiff is asserting two Eighth Amendment claims:  (1) failure to protect;

17  and (2) inadequate medical treatment.

18          As to plaintiff's failure to protect claim, plaintiff states that he informed

19  correctional officers Lemon and Shafter that he needed to be "locked up" because his cellmate

20  had threatened him and his son.  Plaintiff alleges that correctional officers Simmerson and Lyons

21  were present.  According to plaintiff, Simmerson's response was:  "I will put you back out on the

22  yard and tell the inmates what you have been up here telling us and let them deal with you."

23  Plaintiff claims that he repeated his plea to be excluded from the general population to

24  correctional officer Grower and assistant warden Baras, but that Grower said that plaintiff would

25  be put with the general population anyway.  Plaintiff states that he was stabbed while on the

26  general population exercise yard on June 27, 2005.

2

1  Plaintiff states that his claim for inadequate medical care arises from this stabbing

2  incident.  According to plaintiff, prison doctor Rohlfing failed to "sew all the muscel [sic] and

3  tissue back together."  Plaintiff states that he was told by another prison doctor in November

4  2006 that Dr. Rohlfing had been negligent.

5

6  **II.  DISCUSSION**

7  Plaintiff states that his complaint raises Eighth Amendment claims based on the

8  following theories:  (1) failure to protect; and (2) inadequate medical treatment.   The treatment a

9  prisoner receives in prison and the conditions under which the prisoner are confined are subject

10  to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See

11  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and

12  idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble,

13  429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two

14  requirements are met: (1) objectively, the official's act or omission must be so serious such that it

15  results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively,

16  the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.

17  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must

18  have a "sufficiently culpable mind."  See id.

19  A.  **Failure to Protect**

20  Under these principles, prison officials have a duty to take reasonable steps to

21  protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

22  1982); Farmer, 511 U.S. at 833.  To demonstrate that a prison official was deliberately indifferent

23  to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it.

24  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the

25  knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials

26  are not liable, however, if evidence is presented that they lacked knowledge of a

1    safety risk.  See Farmer, 511 U.S. at 844.

2            As to defendant Lea, plaintiff alleges that this defendant put an "R-suffix" in his

3    file knowing that, if plaintiff was put in the general population, he would be stabbed.  Construed

4    liberally, the court finds that this allegation, if true, sufficiently shows that defendant Lea had

5    knowledge of a risk to plaintiff's safety.

6            As to the other defendants named in the complaint, however, plaintiff makes no

7    factual allegations concerning their knowledge of a risk to his safety.  Rather, he mentions

8    individuals – Lemon, Shafter, Simmerson, Lyons, Grower, and Baras – who are not named as

9    defendants.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10   connection or link between the actions of the named defendants and the alleged deprivations.

11   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

16   conclusory allegations concerning the involvement of official personnel in civil rights violations

17   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

18   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

19   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20           Because it is possible that plaintiff can either allege facts as to the named

21   defendants, or name other individuals as defendants, it is appropriate to grant plaintiff an

22   opportunity to amend.

23       **B.    Inadequate Medical Treatment**

24           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

25   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

26   105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

4

1   health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

2   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

3   injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d

4   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

5   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

6   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

7   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

8   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

9           The requirement of deliberate indifference is less stringent in medical needs cases

10  than in other Eighth Amendment contexts because the responsibility to provide inmates with

11  medical care does not generally conflict with competing penological concerns.  See McGuckin,

12  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

13  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

14  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

15  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

16  treatment, or interference with medical treatment, may also constitute deliberate indifference.

17  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

18  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

19          In this case, it is clear from the allegations in the complaint that plaintiff's claim is

20  based on the alleged negligence of Dr. Rohlfing.  Negligence in diagnosing or treating a medical

21  condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429

22  U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers

23  concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.

24  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff is not entitled to leave to

25  amend as to this defect.

26  / / /

**III.  CONCLUSION**

1

2          Because it is possible that some of the deficiencies identified in this order may be

3     cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the

4     entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

5     Plaintiff is informed that, as a general rule, an amended complaint supersedes the original

6     complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following

7     dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

8     in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

9     Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order

10    to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended

11    complaint must be complete in itself without reference to any prior pleading.  See id.

12          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

14    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

15    each named defendant is involved, and must set forth some affirmative link or connection

16    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18          Because some of the defects identified in this order cannot be cured by

19    amendment, plaintiff is not entitled to leave to amend as to such claims.  In particular, plaintiff's

20    claim of inadequate medical treatment cannot be saved through amendment because it is based

21    on alleged negligence.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file

22    an amended complaint which does not allege the claims identified herein as incurable, in which

23    case such claims will be deemed abandoned and the court will address the remaining claims; or

24    (2) plaintiff may file an amended complaint which continues to allege claims identified as

25    incurable, in which case the court will issue findings and recommendations that such claims be

26    dismissed from this action, as well as such other orders and/or findings and recommendations as

may be necessary to address the remaining claims.

Further, because the complaint appears to otherwise state a cognizable claim against defendant Lea based on failure to protect, plaintiff has a third option – he may choose not to file any amended complaint and stand on the original complaint.  If no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process on defendant Lea.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

DATED:   August 17, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE