IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE D. KNIGHT, | No. CIV S-07-0751-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| LEA, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 16), filed on February 8, 2008. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

///
///
///
///
///

1

## I. BACKGROUND

The court issued an order addressing plaintiff's original complaint on August 20, 2007. In his original complaint, plaintiff asserted Eighth Amendment violations based on failure to protect and inadequate medical treatment. The court determined that plaintiff had stated a failure to protect claim against one defendant, but that his medical treatment claim was not cognizable. Plaintiff was given an opportunity to amend with respect to his failure to protect claim against the other named defendants.

In the first amended complaint, plaintiff names Lea, Oftiedahl, Lyons, Simmerson, Gower, Hale, Wong.[1] This action stems from an incident on June 24, 2005, where plaintiff was stabbed ten times by inmate Jackson. Plaintiff includes an "attachment" setting forth allegations as to each of these defendants:

### Lea

In "Attachment A," plaintiff claims that, during a classification hearing held on November 6, 2003, defendant Lea informed plaintiff that an "R" suffix was being placed in plaintiff's central file due to a "425 PC alleged violation in plaintiff's probation report. . . ." According to plaintiff, defendant Lea knew this information was false and that it would "reflect upon plaintiff's 'paper work.'" He states that an "R" suffix identifies him to other inmates as a child molester and that this designation would subject him to attacks. Plaintiff states that, even though defendant Lea knew all this, she did nothing to "invoke normal protocol for a prisoner noted as a 'R' suffix child molester." He states that defendant Lea "intentionally placed inmate Knight in general population knowing and with deliberate indifference cause inmate Knight to be stabbed."

///

---

[1] Plaintiff no longer names Runnels, Knowles, and Holliday. The Clerk of the Court is directed to update the docket to reflect that these individuals are no longer defendants and to add as defendants Lyons, Simmerson, Gower, Hale, and Wong. Defendant Lea is now the lead defendant.

### Oftiedahl

In "Attachment B," plaintiff states that defendant Oftiedahl was present at the November 2003 hearing. He states that, by being present, defendant Oftiedahl acted "in conjunction with Captain M. Lea, to place this erroneous information they both were knowledgeable of what they were doing." According to plaintiff, defendants knew the "R" suffix classification was based on an error but nonetheless left it in his file.

### Lyons

Plaintiff sets forth allegations as to defendant Lyons in "Attachment C." Specifically, plaintiff states that, on April 11, 2005, he informed other correctional officers that his life was in danger. According to plaintiff, defendant Lyons was present and, upon hearing this, informed the other correctional officers that the "R" suffix designation was added because plaintiff had "killed his wife and stabbed his step daughter." He states "this was done within the clear hearing distance of other inmates and free staff further putting plaintiff's life in danger."

### Simmerson

As to defendant Simmerson, plaintiff outlines his allegations in "Attachment D." Plaintiff claims that during the April 2005 episode defendant Simmerson told plaintiff: "Tell me something or I'll put you back out on the yard and tell them (meaning inmates) what you have been up here telling us." Again, plaintiff states this was done in the "plain hearing of other inmates further putting plaintiff's life in serious danger."

### Gower

In "Attachment E," plaintiff stated that, on April 22, 2005, he "approached staff" saying that he had safety concerns. At a subsequent classification hearing, plaintiff states that defendant Gower told him: "I want to put you bak out on the yard on D yard." Plaintiff responded: "You can't do that; if you do that you will get me stabbed." According to plaintiff, he was put back in the general population notwithstanding his objection to defendant Gower.

///

Hale

Plaintiff alleges in "Attachment F" that, at a May 26, 2005, classification hearing, he told defendant Hale that his life would be in danger if he was placed in the general population. He claims that, even though defendant knew of a risk to his safety, he allowed plaintiff to be returned to the general population.

Wong

In "Attachment H," plaintiff states that defendant Wong knew of his safety concerns and "placed me on D yard anyway over my objections saying I would be stabbed and then . . . lied . . . saying I was in agreement with the committee's actions."

## II. DISCUSSION

The first amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). Plaintiff's claim is based on allegations defendants knew of a risk to his safety and failed to take necessary actions to protect him from the stabbing incident. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly

for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  To demonstrate that a prison official was deliberately indifferent to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.

If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

    LEA,

    OFTIEDAHL,

    LYONS,

    SIMMERSON,

    GOWER,

    HALE, and

    WONG;

      2.      The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended complaint filed February 8, 2008; and

      3.      Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a.      The completed Notice of Submission of Documents;

      b.      One completed summons;

      c.      Seven completed USM-285 form(s); and

      d.      Eight copies of the endorsed first amended complaint.

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6  EDDIE D. KNIGHT,                          No. CIV S-07-0751-FCD-CMK-P
              Plaintiff,
7      vs.
   LEA, et al.,
8             Defendants.
9  _____/
                NOTICE OF SUBMISSION OF DOCUMENTS
10     Plaintiff hereby submits the following documents in compliance with the court's
   order:
11       __1__       completed summons form;
                    completed USM-285 form(s); and
12       _____      copies of the first amended complaint.

13 DATED: _____        _____
                                                   Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26