1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDDIE D. KNIGHT,                      No. CIV S-07-0751-FCD-CMK-P

12              Plaintiff,

13        vs.                              ORDER

14   LEA, et al.,[1]

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  The court has authorized service of this action on defendants LEA,

19   OFTIEDAHL,  LYONS, SIMMERSON, GOWER, HALE, and WONG and directed plaintiff to

20   provide documentation for service of process by the United States Marshal.  Plaintiff has

21   submitted the required papers.[2]

22   _____

23        [1]   Plaintiff no longer names Runnels, Knowles, and Holliday.  The Clerk of the
     Court is directed to update the docket to reflect that these individuals are no longer defendants
24   and to add as defendants Lyons, Simmerson, Gower, Hale, and Wong.  Defendant Lea is now the
     lead defendant.
25
          [2]   Plaintiff was directed to submit eight copies of the first amended complaint, but
26   only submitted seven copies.  The Clerk of the Court is directed to make one additional copy.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    The Clerk of the Court is directed to forward the instructions for service of

3  process, the completed summons form(s), copies of the complaint, and a copy of this order to the

4  United States Marshal;

5    2.    Within ten days from the date of this order, the United States Marshal is

6  directed to notify defendant(s) of the commencement of this action and to request a waiver of

7  service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d)

8  and 28 U.S.C. § 566(c);

9    3.    The United States Marshal is directed to retain the sealed summons and a

10  copy of the complaint in their file for future use;

11    4.    The United States Marshal shall file returned waivers of service of

12  summons, as well as any requests for waivers that are returned as undelivered, as soon as they are

13  received;

14    5.    If a waiver of service of summons is not returned by a defendant within

15  sixty days from the date of mailing the request for waiver, the United States Marshal shall:

16        a.    Personally serve process and a copy of this order upon the
        defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and
17        28 U.S.C.  § 566(c), shall command all necessary assistance from the
        California Department of Corrections to execute this order, and shall
18        maintain the confidentiality of all information provided by the California
        Department of Corrections pursuant to this order;
19
        b.    Within ten days after personal service is effected, the
20        United States Marshal shall file the return of service for the defendant,
        along with evidence of any attempts to secure a waiver of service of
21        summons and of the costs subsequently incurred in effecting service on
        said defendant;
22
        c.    Costs incurred in effecting service shall be enumerated on
23        the USM-285 form and shall include the costs incurred by the Marshal's
        office for photocopying additional copies of the summons and amended
24        complaint and for preparing new USM-285 forms, if required; and

25        d.    Costs of service will be taxed against the personally served
        defendant in accordance with the provisions of Federal Rule of Civil
26        Procedure 4(d)(2);

1        6.    Defendant(s) shall reply to the complaint within the time provided by the

2 applicable provisions of Federal Rule of Civil Procedure 12(a);

3        7.    Unless otherwise ordered, all motions to dismiss, motions for summary

4 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

5 and 60 of the Federal Rules of Civil Procedure, and motions shall be briefed pursuant to Local

6 Rule 78-230(m), and failure to oppose such a motion timely may be deemed a waiver of

7 opposition to the motion; opposition to all other motions need be filed only as directed by the

8 court;

9        8.    If plaintiff is released from prison at any time during the pendency of this

10 case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local

11 Rule 78-230(m), which will continue to govern all motions described in no. 7, above, in the

12 absence of a court order granting such a request;

13        9.    Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

14 plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

15 exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

16 the Federal Rules of Civil Procedure:  Such a motion is a request for dismissal of unexhausted

17 claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

18 perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

19 plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

20 Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

21 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

22 the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

23 and file one or more affidavits or declarations by other persons who have personal knowledge of

24 relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

25 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

26 with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

1   submit matters outside the pleadings, the court may look beyond the pleadings and decide

2   disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

3   court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

4   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

5   unexhausted claims will be dismissed without prejudice.

6           10.    Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

7   and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following

8   requirements for opposing a motion for summary judgment made by defendants pursuant to Rule

9   56 of the Federal Rules of Civil Procedure:  Such a motion is a request for an order for judgment

10  in favor of defendants without trial.  A defendant's motion for summary judgment will set forth

11  the facts that the defendants contend are not reasonably subject to dispute and that entitle the

12  defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof

13  of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may

14  rely upon statements made under the penalty of perjury in the complaint if the complaint shows

15  that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's

16  attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one

17  or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's

18  claims; the person who signs an affidavit or declaration must have personal knowledge of the

19  facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are

20  what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or

21  more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If

22  plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible

23  evidence, the defendants' evidence may be taken as the truth and the defendants' motion for

24  summary judgment granted.  If there is some good reason why such facts are not available to

25  plaintiff when required to oppose a motion for summary judgment, the court will consider a

26  request to postpone considering the defendants' motion.  If plaintiff does not serve and file a

1  written opposition to the motion or a request to postpone consideration of the motion, the court

2  may consider the failure to act as a waiver of opposition to the defendants' motion.  If the

3  defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment

4  will be entered for the defendants without a trial and the case will be closed.

5          11.    A motion or opposition supported by unsigned affidavits or declarations

6  will be stricken;

7          12.    Each party shall keep the court informed of a current address at all times

8  while the action is pending, and any change of address must be reported promptly to the court in

9  a separate document captioned for this case and entitled "Notice of Change of Address," which

10  also must be properly served on all other parties;

11          13.    The failure of any party to comply with this or any other court order, the

12  Federal Rules of Civil Procedure, or the local rules of this court may result in the imposition of

13  appropriate sanctions, including dismissal of the action or entry of default; and

14          14.    The Clerk of the Court is directed to serve upon plaintiff a copy of the

15  court's local rules.

16

17   DATED:  May 2, 2008

18                                    _____

19                                    CRAIG M. KELLISON
                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26