IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE D. KNIGHT,                                       No. CIV S-07-0751-FCD-CMK-P

        Plaintiff,

  vs.                                                          ORDER

LEA, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a continuance (Doc. 41) of defendants' motion for summary judgment in order to conduct additional discovery.

        The purpose of Rule 56(f) is to provide a device for litigants to avoid summary judgment where they have not had sufficient time to develop affirmative defenses. See Burlington Northern Santa Fe R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). Thus, where a motion for summary judgment is filed very early in the litigation before a party has had any realistic opportunity to pursue discovery, Rule 56(f) motion should be granted freely. See id. Where, however, the party seeking a continuance has not diligently pursued discovery, the district court does not abuse its

discretion in denying a Rule 56(f) motion. See id. at 773-74 (citing Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992)). A Rule 56(f) motion must be brought before the summary judgment hearing. See U.S. v. Kitsap Physicians Service, 314 F.3d 995, 1000 (9th Cir. 2002). The facts supporting the request for continuance must be set forth in an accompanying affidavit. See id. Failure to comply with either of these requirements is proper basis for denying Rule 56(f) motion. See id.

A Rule 56(f) motion should be granted where the party seeking the continuance puts forth a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. See State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell, 138 F.3d 772, 775 (9th Cir. 1998). The party seeking to conduct additional discovery under Rule 56(f) has the burden of demonstrating that the evidence sought exists. See Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995). Thus, to obtain relief under Rule 56(f), the party seeking the continuance must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery; (2) that the facts sought exist; and (3) that these sought-after facts are essential to resist the summary judgment motion. See Campbell, 138 F.3d at 775.

In this case, the court finds that the Rule 56(f) motion should be denied for several reasons. First, it is not timely. Under Eastern District of California Local Rule 78-230(m), which governs this action, all motions in prisoner cases are deemed submitted for decision without hearing 28 days after service of the motion or when the reply is filed, whichever is first. Because motions in prisoner cases are submitted on the papers without a hearing, it follows that the "hearing day" is the date the case is submitted under Local Rule 78-230(m). Here, defendants' motion was served on April 3, 2009, and plaintiff did not file any opposition. Thus, under Local Rule 78-230(m), the motion was submitted on May 1, 2009. Because plaintiff's Rule 56(f) motion was served on May 31, 2009, and filed on June 2, 2009 – after the "hearing day" – it is untimely. This alone is sufficient reason to deny plaintiff's motion.

1  In addition to being untimely, the motion is not accompanied by an adequate
2 affidavit making the required showing.  Plaintiff merely states that he now has the assistance of a
3 paralegal and wishes to propound additional discovery requests.  He does not, however, describe
4 the specific facts he hopes to uncover, make any kind of showing that these facts actually exist,
5 or indicate how the sought-after facts would defeat defendants' motion for summary judgment.
6  Finally, plaintiff's Rule 56(f) motion is not filed in response to an early motion for
7 summary judgment brought before plaintiff has had time to conduct discovery.  To the contrary,
8 the court's July 18, 2008, scheduling order permitted discovery through February 2, 2009.
9 Plaintiff has not made an adequate showing as to why this was not sufficient time.  Nor has
10 plaintiff demonstrated that he was diligent in pursuing discovery before the February 2009 cut-
11 off date.
12  Accordingly, IT IS HEREBY ORDERED that plaintiff's Rule 56(f) motion (Doc.
13 41) is denied.

 DATED: June 8, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE